IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JEFFREY NEYLON,

          Plaintiff,

vs.

BNSF RAILWAY CO.,

          Defendant.

4:17CV3153

**ORDER**

This matter is before the Court on Defendant's Motion for Protective Order. ([Filing No. 21](#).) The motion will be granted.

**DISCUSSION**

Defendant seeks a protective order regarding a corporate representative deposition noticed by Plaintiff. The deposition notice requests that Defendant present a corporate representative who can testify regarding: (1) the location of documents and/or electronically stored information ("ESI") requested; (2) the organization, indexing and/or filing of the documents and/or ESI requested; (3) the method of search that can be used to locate the documents and/or ESI requested, and the method of search that was used to locate requested documents; (4) the completeness of the documents and/or ESI produced; (5) the systems, process, and purpose for the creation; and (6) any and all document and/or ESI retention/destruction policies that relate to any of the documents requested. ([Filing No. 22-4](#).) The deposition notice also asks that Defendant gather documents responsive to twenty-one requests, and that the documents be produced before the corporate representative deposition.

Defendant argues that the noticed deposition topics are improper because they have nothing to do with the merits of Plaintiff's claims or Defendant's defenses. Instead, the topics address the manner in which Defendant stores and organizes its documents, and the efforts that Defendant made to respond to Plaintiff's document requests. Defendant contends that because Plaintiff noticed the deposition at the same time that he requested documents, and before he had

conducted any other discovery, Plaintiff has no reasonable belief that Defendant failed to comply with its discovery obligations. (Filing No. 21.)

In response to the motion, Plaintiff does not specifically address each of the topics listed in his deposition notice. Instead, Plaintiff primarily argues that Plaintiff has the right to request that Defendant produce an individual who can testify regarding the steps that Defendant took to search for responsive documents. Plaintiff points out that Defendant has been sanctioned for abusive discovery practices in other cases, and that this demonstrates that testimony regarding this issue is relevant and proper in this suit. (Filing No. 26.) Plaintiff also argues that Defendant is already attempting to avoid answering discovery requests in this litigation.

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Rule 26 "is to be construed broadly and encompasses any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Hodges v. Pfizer, Inc.*, Civ. No. 14-4855-ADM/TNL, 2016 WL 1222229, *2 (D. Minn. March 28, 2016) (internal quotation omitted). Still, the scope of discovery is not unlimited. Courts must limit the frequency or extent of discovery if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b). Further, under Rule 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

Having reviewed the matter, the Court finds that there is good cause for a protective order. It is apparent that the information sought can be obtained from a source that is less burdensome and less expensive. In particular, if Plaintiff wants to know how responsive documents were gathered and located by Defendant, he is free to request such information through an interrogatory. In the event the response to such an interrogatory proves to be completely insufficient or false, the Court may reconsider its position regarding a corporate

representative deposition.[1]  The Court may also consider the imposition of sanctions if Defendant (or Plaintiff) engages in abusive discovery practices.  There has been no such showing in this case.  Additionally, if Plaintiff's counsel believes that Defendant has failed to sufficiently respond to discovery requests, he can, following a meet and confer conference with opposing counsel, contact the Court to schedule a telephone conference to resolve the discovery dispute.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Protective Order ([Filing No. 21](Filing No. 21)) is granted.

Dated this 8th day of June, 2018.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

---

[1] Notably, Defendant has agreed to produce its record retention and destruction policy as it pertains to relevant documents.  ([Filing No. 21](Filing No. 21).)