IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JEFFREY NEYLON,

            Plaintiff,

vs.

BNSF RAILWAY CO.,

            Defendant.

**4:17CV3153**

**ORDER**

A telephone conference regarding a discovery dispute was held on September 27, 2018. Following the conference, several documents were submitted to the Court for *in camera* review. These documents included Performance and Development Reviews ("PMPs") for three of Defendant's employees, as well as documents identified as Nos. 1, 2, 3, 4, 5, 7 and 8 on Defendant's privilege log. The Court has now completed its review.

As to the PMPs, the Court finds that those of Donald Smith and Wesley Thompson should be produced. These documents are relevant because they include information about Defendant's safety procedures/goals/expectations. The Court notes, however, that Defendant had a good faith basis for non-production of these documents. They do not speak to the idea that Defendant had an incentive plan which rewarded (or penalized) managers based on employee's reports of injury. The PMP of Kathleen Maglisceau need not be produced as it does not include any information relevant to this action.

The Court finds that documents identified as Nos. 1, 2, 7, and 8 on Defendant's privilege log were clearly prepared in anticipation of litigation and are protected work product. Document No. 5, as identified on the privilege log, falls under the attorney-client privilege.

However, the Court finds that the items identified as Nos. 3 and 4 on the privilege log should be produced. Item No. 3 is an audio recording of a statement made by Plaintiff to Defendant's claims representative regarding his report of injury. Item No. 4 is the transcription of Plaintiff's recorded statement. Defendant contends that these items are not subject to discovery as

they were prepared in anticipation of litigation for use by legal counsel. The privilege log notes that Defendant's investigation of Plaintiff's reported injury was "distinct from its formal investigation under [Plaintiff's] Collective Bargaining Agreement for violation of [Defendant's] rules related to the late reporting of an injury," but that it listed these items "because it undertook a [c]laims ]i]nvestigation related to [Plaintiff's] report of injury."

Federal Rule of Civil Procedure 26(b)(3)(C) provides that a party may obtain his or her own "previous statement about the action or its subject matter." [Fed. R. Civ. P. 26(b)(3)(C)](). A "previous statement" is either (1) "a written statement that the person has signed or otherwise adopted or approved" or (2) "a contemporaneous stenographic, mechanical, electrical, or other recording—or a transcription of it—that recites substantially verbatim the person's oral statement." *Id*. The Court finds that item Nos. 3 and 4 are "previous statements" as contemplated by Rule 26(b)(3)(C).

The Court recognizes that the statement Plaintiff made during the investigation of his injury is arguably not a previous statement about the "subject matter" of this action. Therefore, the Court finds that the non-production of these items was reasonable and not done in bad faith. However, the Court finds the statement sufficiently close to the subject matter of this case to warrant production.

Accordingly,

**IT IS ORDERED** that Defendant shall produce (1) the PMP of Donald Smith; (2) the PMP of Wesley Thompson; (3) Item No. 3 as identified on Defendant's privilege log; and (4) Item No. 4 as identified on Defendant's privilege log. These materials shall be produced by December 18, 2018.

Dated this 3rd day of December, 2018.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge