IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JEFFREY NEYLON, | ) | |
| | ) | |
| Plaintiff, | ) | 4:17CV3153 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| BNSF RAILWAY CO., | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Jeffrey Neylon brings this lawsuit under 49 U.S.C. § 20109 of the Federal Railroad Safety Act, which prohibits railroads from threatening to discipline an employee for following orders or a treatment plan of a treating physician, 49 U.S.C. § 20109(c)(2), and from discriminating against, suspending, or discharging an employee for notifying or attempting to notify the railroad about a work-related illness or injury, 49 U.S.C. § 20109(a)(4). (Filing No. 1, Complaint.) Defendant has filed a Motion for Summary Judgment on both of Plaintiff's claims—that is, his "medical-treatment claim" under section 20109(c)(2) and his "injury-reporting claim" under section 20109(a)(4). (Filing No. 83.)

Defendant moves for summary judgment on Plaintiff's 49 U.S.C. § 20109(c)(2) medical-treatment claim on the grounds that Plaintiff has failed to exhaust his administrative remedies, the claim is barred by the statute of limitations, and because Defendant is entitled to summary judgment on the merits. (Filing No. 83.) Because Plaintiff has failed to address any of Defendant's arguments—including neglecting to even mention the statute that provides the basis for his medical-treatment claim under 49 U.S.C. § 20109(c)(2)—Defendant's Motion for Summary Judgment shall be granted on this claim. *See Satcher v. Univ. of Arkansas at Pine Bluff Bd. of Trustees*, 558 F.3d 731, 735 (8th Cir. 2009) ("failure to oppose a basis for summary judgment constitutes waiver of that argument"); *Blackwell v. Alliant Techsystems, Inc.*, No. 13-00468-CV-W-GAF, 2015 WL 13333503, at *9 (W.D. Mo. May 18, 2015), *aff'd*,

822 F.3d 431 (8th Cir. 2016) (plaintiff's failure to address defendants' arguments on some of plaintiff's claims was grounds to grant defendants summary judgment on such claims); *United States v. NHC Health Care Corp.*, 163 F. Supp. 2d 1051, 1059 (W.D. Mo. 2001) (dismissing four of plaintiff's claims as abandoned when plaintiff failed to address such claims, or defendants' discussion thereof, in opposition to defendants' motion for summary judgment).

Insofar as Plaintiff's 49 U.S.C. § 20109(a)(4) injury-reporting claim is concerned, the court notes that Plaintiff filed a Motion for Sanctions (Filing No. 103) on December 6, 2018, arguing that Defendant withheld some of the documents on which it now relies for summary judgment, thereby prejudicing Plaintiff. Plaintiff requests that "BNSF not be allowed to use withheld evidence to win summary judgment, and that he be reimbursed for the fees and costs he has incurred trying to get documents that should have been produced over a year ago." (Filing No. 103 at CM/ECF p. 8.) In the course of considering Plaintiff's Motion for Sanctions after full briefing, Magistrate Judge Bazis will decide whether Defendant "withheld" documents in violation of a discovery order. Because that decision will affect what evidence may be offered and considered in summary judgment proceedings, I shall deny Defendant's Motion for Summary Judgment on Plaintiff's injury-reporting claim under 49 U.S.C. § 20109(a)(4) without prejudice to reassertion following the Magistrate Judge's ruling on Plaintiff's Motion for Sanctions.

Accordingly,

IT IS ORDERED:

1. Defendant's Motion for Summary Judgment (Filing No. 83) is granted as to Plaintiff's medical-treatment claim under 49 U.S.C. § 20109(c)(2), and such claim is dismissed as abandoned.

2. Defendant's Motion for Summary Judgment (Filing No. 83) on Plaintiff's injury-reporting claim under 49 U.S.C. § 20109(a)(4) is denied without prejudice to reassertion following the Magistrate Judge's ruling on Plaintiff's Motion for Sanctions (Filing No. 103).

DATED this 12th day of December, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge