IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JEFFREY NEYLON, | ) | |
| | ) | |
| Plaintiff, | ) | 4:17CV3153 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| BNSF RAILWAY CO., | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

In the midst of the court's attempt to resolve Defendant BNSF's Motion for
Summary Judgment (Filing No. 118) in this Federal Railroad Safety Act ("FRSA")
case, Plaintiff Jeffrey Neylon has filed a Notice of Supplemental Authority (Filing No.
125). Attached to the Notice is a ruling from Public Law Board No. 7880[1] concluding
that although Neylon technically violated BNSF's rules regarding injury reporting,
BNSF's termination of Neylon's employment "was unreasonable and arbitrary given
the circumstances." (Filing No. 125-1 at CM/ECF p. 3.) The Board ordered that
Neylon be reinstated to service without back pay.

Neylon asserts that this court should take "notice of the arbitration board's
findings of fact" and notes that the Board's findings "strongly support the Court
denying BNSF's [summary judgment] motion." (Filing No. 125 at CM/ECF p. 1.)
Neylon refers the court to *Johnston v. BNSF Railway Co.*, Civ. No. 15-3685, 2017 WL
4685012 (D. Minn. Oct. 16, 2017), in which the court took notice of an arbitration

---

[1]Plaintiff's Notice does not make clear that the Board's decision is the result of
an appeal of Neylon's dismissal to an arbitral board under the Railway Labor Act, 45
U.S.C. § 153, and pursuant to a collective-bargaining agreement between Neylon's
union and his employer. The Board's ruling has also not been properly authenticated.

board's order, including the factual findings therein, and vacated its previous order dismissing the plaintiff's FRSA claim on summary judgment.[2]

I shall order the parties to file simultaneous briefs addressing several issues, as set forth below.

IT IS ORDERED:

1.    On or before June 25, 2019, counsel for the parties shall file simultaneous briefs regarding Plaintiff's Notice of Supplemental Authority (Filing No. 125). The parties' briefing shall include a discussion of:

a.    Whether the Eighth Circuit Court of Appeals has held, or would hold, that a railroad employee seeking arbitration pursuant to the Railway Labor Act, 45 U.S.C. § 151, *et seq*., on his claim that his termination violated a collective-bargaining agreement may simultaneously bring a FRSA claim in federal district court without running afoul of the election-of-remedies provision in the FRSA, 49 U.S.C. § 20109(f)?

---

[2]*Johnston* notes that courts in other jurisdictions have held that a railroad employee seeking arbitration pursuant to the Railway Labor Act, 45 U.S.C. § 151, *et seq*., on his claim that his termination violated a collective-bargaining agreement may also bring a FRSA claim in federal court without running afoul of the election-of-remedies provision in the FRSA, 49 U.S.C. § 20109(f) ("An employee may not seek protection under both this section and another provision of law for the same allegedly unlawful act of the railroad carrier."). *Johnston*, 2017 WL 4685012, at *4 n.5. *See also* 12 Emp. Coord. Labor Relations § 49:112 (Westlaw 2019) (citing *Reed v. Norfolk Southern Ry. Co.*, 740 F.3d 420 (7th Cir. 2014); *Grimes v. BNSF Ry. Co.*, No. 13-60382, 2014 WL 1099049 (5th Cir. Mar. 18, 2014); *Norfolk Southern Ry. Co. v. Perez*, 778 F.3d 507 (6th Cir. 2015); *Bjornson v. Soo Line R. Co.*, Civ. No. 14-4596, 2015 WL 5009349 (D. Minn. Aug. 24, 2015)).

b.     Whether this court is bound by the decision of Public Law Board No. 7880 (Filing No. 125-1)?

c.     Whether the Board's decision (Filing No. 125-1) that Plaintiff Neylon's employment with Defendant BNSF is to be reinstated and that Neylon is not entitled to receive back pay is dispositive of this case; specifically, is Neylon entitled to any further relief from this court?

d.     Given the Board's decision (Filing No. 125-1), do the parties wish to proceed with a settlement conference before Magistrate Judge Bazis?

2.     Defendant's Motion for Summary Judgment (Filing No. 118) will be held in abeyance pending completion of the above-requested briefs.

DATED this 11th day of June, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge